FILED
United States Court of Appeals
Tenth Circuit

January 23, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER SCOTT ROYCE,
a/k/a Yankee,

    Defendant - Appellant.

No. 24-5105
(D.C. No. 4:22-CR-00163-SEH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **McHUGH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, Christopher Scott

Royce pleaded guilty to one count of being a felon in possession of a firearm and

ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). As contemplated

by the plea agreement, the district court sentenced him to 36 months' imprisonment

and three years' supervised release. Mr. Royce's plea agreement contained a waiver

of his right to appeal, but nevertheless, he appealed. The government moves to

enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328

(10th Cir. 2004) (en banc) (per curiam).

_____

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Royce's counsel filed a response with an *Anders* brief and requested leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (holding defense counsel may "request permission to withdraw" when counsel conscientiously examines a case and determines that an appeal would be "wholly frivolous"). Consistent with the procedure outlined in *Anders*, the court allowed Mr. Royce the opportunity to file a pro se response to show why the appeal waiver should not be enforced. *See id.* The deadline for doing so has passed, with no response.

The court has independently examined the record as required by *Anders*. *See id.* The motion to enforce requires us to determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. We agree with defense counsel that it would be wholly frivolous to contest the government's motion to enforce.

First, defense counsel indicates Mr. Royce wishes to appeal the denial of his motion to suppress. But the waiver broadly "waives rights . . . to directly appeal the conviction and sentence," reserving only "the right to appeal from a sentence that exceeds the statutory maximum." Mot. to Enforce, Attach. 1 at 3. Mr. Royce's sentence was less than the statutory maximum, making that exception inapplicable. It would be frivolous to contend the appeal falls outside the scope of the waiver. *See United States v. Ochoa-Colchado*, 521 F.3d 1292, 1299 (10th Cir. 2008) ("When considering whether an appeal falls within the scope of a waiver of appellate rights,

2

the general rule is that any appellate rights not expressly reserved in the plea agreement are waived.").

Second, it is Mr. Royce's burden to show his waiver was not knowing and voluntary. *See Hahn*, 359 F.3d at 1329. But the written plea agreement and the transcript of the plea hearing indicate that Mr. Royce knowingly and voluntarily waived his right to appeal. *See id.* at 1325 (noting that for this factor, the court "especially look[s]" to the plea agreement and the plea colloquy). Our review of the record found nothing to support an argument to the contrary. It therefore would be frivolous to contend Mr. Royce did not knowingly or voluntarily accept the waiver.

Finally, we see nothing in the record to suggest that enforcement of the appeal waiver would cause a miscarriage of justice. As defined in *Hahn*, a miscarriage of justice occurs "where the district court relied on an impermissible factor such as race, where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, where the sentence exceeds the statutory maximum, or where the waiver is otherwise unlawful." *Id.* at 1327 (bracketed numbers and internal quotation marks omitted). For a waiver to be "otherwise unlawful," the district court must have made an error that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* Nothing in the record indicates the sentence was based on an impermissible factor or that the waiver is otherwise unlawful. As stated, Mr. Royce was sentenced below the statutory maximum. And to the extent he wishes to pursue a claim of ineffective assistance of counsel, we generally defer such claims to collateral proceedings. *See United States*

3

*v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).  It would be frivolous to attack the appeal waiver on grounds of miscarriage of justice.

We grant the government's motion to enforce the appeal waiver and dismiss this appeal.  We also grant defense counsel's request to withdraw.

Entered for the Court

Per Curiam